UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

STEVEN BROWNING,                          )
                                          )
                    Plaintiff,            )
                                          )
            v.                            )        No. 2:24-cv-00281-JPH-MKK
                                          )
ADAMS Sgt.,                               )
WALK Officer,                             )
                                          )
                    Defendants.           )

**ORDER SCREENING COMPLAINT AND DIRECTING
FURTHER PROCEEDINGS**

Plaintiff Steven Browning is a prisoner currently incarcerated at Wabash

Valley Correctional Facility. He filed this civil action alleging he was subjected to

excessive force and was denied a decontamination shower after being sprayed

with OC spray. Because the plaintiff is a "prisoner," this Court must screen the

complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is

frivolous or malicious, fails to state a claim for relief, or seeks monetary relief

against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To

determine whether the complaint states a claim, the Court applies the same

standard as when addressing a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

Under that standard, a complaint must include "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

1

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Browning's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

Mr. Browning names Sgt. Adams and Officer Walk as defendants, and he seeks compensatory and punitive damages.

In his complaint, he alleges that on May 17, 2023, Officer Walk was unlocking the cuff ports on Mr. Browning's cellblock to deliver meals. As he walked by Mr. Browning's cell, Officer Walk made a derogatory comment about gay people to Mr. Browning's cellmate. The cellmate tried to get a sergeant's attention by waving his hand through the cuff port to make a complaint about the comment and eventually called a hotline to make a report.

Officer Walk learned that Mr. Browning's cellmate was trying to complain about the comment. He walked angrily to the cell, demanded that the cellmate remove his arm from the cuff port, and then—without warning—began spraying both the cellmate and Mr. Browning with OC spray. The spray went everywhere in their cell.

Mr. Browning asked Officer Walk and Sgt. Adams for a decontamination shower and cleaning supplies to decontaminate the cell. He told them that his eyes were burning and he was having trouble breathing. Both officers refused to provide him with a shower or cleaning materials.

### III. Discussion of Claims

Mr. Browning's Eighth Amendment excessive force claims **shall proceed** against Officer Walk. His Eighth Amendment deliberate indifference to a serious medical need claims **shall proceed** against Officer Walk and Sgt. Adams.

This summary of claims includes all of the viable claims identified by the Court. If Mr. Browning believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through July 17, 2025,** in which to file a motion to reconsider the screening order.

### IV. Motion for Counsel

Mr. Browning has filed a motion for assistance recruiting counsel. Dkt. 14. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) (explaining that courts must be careful stewards of the limited resource of volunteer lawyers.

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655-56.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. Mr. Browning has attempted to contact multiple attorneys with requests for representation without success. The Court finds that he has made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. He should continue his efforts to find counsel.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). Mr. Browning's motion does not provide sufficient information to determine whether he needs the assistance of counsel. To facilitate the process of evaluating requests for counsel, the Court has prepared a form motion to be used by indigent litigants seeking appointment of counsel. The form requests the

4

information necessary for the Court to evaluate the merits of the motion and requires the litigant to acknowledge important conditions of the appointment of counsel. **The clerk is directed** to send Mr. Browning a copy of the form motion with his copy of this Order.

Finally, the Court observes that Mr. Browning requested counsel before his complaint has been screened pursuant to 28 U.S.C. § 1915A(c). The Seventh Circuit has found that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013); *see also Watts*, 42 F.4th at 766 ("It is essential that district courts remain mindful, especially at the early stages of a case, that their evaluation of the plaintiff's claim is being made on uncounseled papers."). While that statement from *Kadamovas* is not a "bright-line rule[]," in this case, Mr. Browning has not shown a need for assistance of counsel in preparing the complaint or to "investigate and flesh out any claim that may exist." *Mapes v. Indiana*, 932 F.3d 968, 971-72 (7th Cir. 2019). Rather, his complaint coherently explained his claims and requests for relief.

For these reasons, Mr. Browning's motion for appointment of counsel, dkt. [14], is **denied without prejudice**. At this point in the litigation, he has not provided enough information to assess his need for counsel, and his coherent complaint demonstrates he is competent to proceed on his own at this early stage of the litigation. He may renew his motion for appointment of counsel by filling out the form motion for assistance with recruiting counsel that the Court will

send to him along with his copy of this Order. However, he should not renew his motion until *after* Defendants have filed an answer to the complaint.

### V. Conclusion and Service of Process

The following claims are proceeding in this action: an Eighth Amendment excessive force claims against Officer Walk and an Eighth Amendment deliberate indifference to a serious medical need claims against Officer Walk and Sgt. Adams.

Mr. Browning's motion for counsel, dkt. [14], is **denied**. The **clerk is directed** to send Mr. Browning a form motion for assistance with recruiting counsel with his copy of this Order. Mr. Browning's motion for case status, dkt. [21], is **granted** insofar as the Court has screened the complaint and resolved all pending motions.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Officer Walk and Sgt. Adams in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 6/20/2025

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

STEVEN BROWNING
230156
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838

Electronic service to Indiana Department of Correction:
    Officer Walk
    Sgt. Adams
    (All at Wabash Correctional Facility)